## L. P. BEST et al. v. DUNKLIN COUNTY.

Springfield Court of Appeals, March 16, 1923.

1. **PUBLIC LANDS**—Statute Held to Entitle Rightful Owner of Land Who Has Paid Money for Patent under Mistake to Recover it from County. Where landowners claiming title under a patent issued by the county, which nevertheless claimed title to the land and was offering it for sale to others, bought the land, and paid for a second patent in order to prevent others from buying it, and it was later judicially determined that plaintiffs had good title under the first patent, plaintiffs might recover the money so paid from the county under Revised Statutes 1919, section 7019, the statute applying to a rightful owner who has paid money under mistake, as well as to a stranger or bonafide purchaser who has paid his money for a patent which the county had no legal right to issue.

2. ———. Relinquishment by Plaintiffs Held not Necessary. Under Revised Statutes 1919, section 7019, authorizing recovery from a county of money paid for a patent of land, where the county had already issued a patent conveying good title to a bona-fide purchaser and requiring the person to whom a warrant for the money paid is drawn to relinquish to the county or the prior purchaser, it was not necessary for plaintiffs, who already had good title under a prior patent, to relinquish to themselves.

Appeal from the Circuit Court of Dunklin County.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*James A. Bradley* and *George Smith* for appellant.

One who voluntarily pays money with full knowledge relative to the claim made cannot recover it back in the absence of fraud or duress, although the money paid was

not actually due. Pritchard v. Peoples Bank of Holcomb, 200 S. W. 665; 22 Ency. Law (2 Ed.) 609; Claflin v. Mc-Donough, 33 Mo. 412; Robins v. Latham, 134 Mo. 466, 473; Wolf v. Marshall, 52 Mo. 167, 171; R. S. 1919, sec. 7019.

*John T. McKay* for respondent.

Rule of voluntary payment does not apply in this case because the payment made herein was made under compulsion. 30 Cyc. 1298 and 1303; Westlake v. City of St. Louis, 77 Mo. 47; Brown v. Worthington, 162 Mo. App. 517; Link v. Real Estate Co., 182 Mo. App. 531.

FARRINGTON, J.—This is a suit brought against the defendant under section 7019, Revised Statutes 1919, to recover the sum paid by plaintiffs for a patent to some land, issued by the defendant. A judgment was rendered against defendant in the lower court and it appeals.

As we view the case, it is one falling within the statute upon which the suit is based; it, therefore, results that the judgment must be affirmed.

Sufficient to make the issue clear; the plaintiffs were, at the time the patent was issued by the county court forming the basis of this suit, the owners of the land for which the patent was issued. A patent had been issued years ago by the county court to this land and these plaintiffs were the owners by mesne conveyances. They had paid the taxes, and after the second patent was issued it was judicially determined that they had good title to the land under the first patent. At the time, however, that they paid the money sued for on the second patent the county court was claiming title to the same land and offering it for sale at $1.25 per acre to any one who would pay that amount, and offering to issue a patent thereto. Plaintiffs were claiming title under the first patent is-

sued but in order to prevent someone else from buying, they went to the county court and bought and paid for the second patent. It was then found, by the suit instituted, that plaintiffs' title was good under the first patent. It therefore resulted in plaintiffs paying the county for the second patent to land that they already owned. The county, therefore, when it took the money for the second patent, was taking it on land that it did not own and which the plaintiffs owned. The suit under this statute is for money had and received.

While the statute was intended to protect third parties who had paid money to a county for a patent that it had no right to issue, the primary intention was to require a county to return money received by it for a patent unlawfully issued. We, therefore, think that it should apply to a rightful owner who has paid money under mistake as well to a stranger or bona-fide purchaser who has paid his money to a county for a patent which the county had no legal right to issue. Construing this statute as we do, makes it unnecessary for any discussions of a voluntary or involuntary character of payment.

The statute is intended to permit a recovery of the amount paid by a bona-fide purchaser of land from a county court where such county has already issued a patent conveying good title. It would have served no useful purpose for the plaintiffs, in order to strictly follow the statute, to have relinquished to themselves, "the prior purchasers holding a prior patent to such lands." Entertaining these views it results that the judgment of the trial court is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.